ERNEST EDWARD TRUETTE v. TEXTRON, INC.,
AND LEWIS EUGENE QUINN.

(Filed 11 October, 1961.)

APPEAL by defendants from *Sharp, S.J.,* March 20, 1961, Special Civil Term of MECKLENBURG.

This is a civil action to recover for personal injuries and property damage suffered by plaintiff in a collision of motor vehicles at the intersection of North Tryon Street and Duls Lane in the City of Charlotte. The corporate defendant counterclaimed for damage to its vehicle.

North Tryon Street runs north and south and has four marked lanes for vehicular travel, two for northbound and two for southbound traffic. Duls Lane enters Tryon at an angle from the northwest and is about 32 feet wide at the entrance. It "dead-ends" at Tryon. Just south of Duls a railroad overpass crosses Tryon. To the south of the overpass Sixteenth Street enters Tryon from the east. (For a more detailed description of the intersections see *Shoe v. Hood,* 251 N.C. 719, 721, 112 S.E. 2d 543.) The traffic at the Sixteenth Street intersection is controlled by lights. At the Duls intersection traffic in the southbound lanes of Tryon are controlled by lights, but none of the lights face Duls. The lights at the two intersections are synchronized so that the lights facing Tryon traffic are either green or red simultaneously, for both southbound and northbound traffic. The maximum speed limit in this area is 35 miles per hour.

The collision occurred at 5:30 P.M. on 25 August 1958. Plaintiff was driving his automobile southwardly on Tryon in the outside or curb lane, and entered the Duls intersection. He was traveling downgrade. The street was damp. Defendant Quinn, driving a vehicle (station wagon) of the corporate defendant, proceeded northwardly on Tryon in the inside lane. At the intersection he turned left to enter Duls. The front of plaintiff's car collided with the right rear of the station wagon in the western curb lane of Tryon.

Plaintiff's evidence gives the following version of the occurrence: Plaintiff was traveling 20 miles per hour. The traffic light turned green

when he was two or three car lengths from the Duls intersection. Two cars ahead of him in the same lane proceeded through the intersection. There were vehicles to his left in the inside lane and to the best of his recollection were moving. He was watching traffic in both lanes. "A split second before the collision" the station wagon "whipped right out" in front of him. He was about 8 feet from it when he first saw it. He did not know where it came from. A vehicle in the inside lane was blocking his view. Defendant Quinn told the investigating officer that he stopped in the intersection and a driver in the inside lane for southbound traffic motioned him to continue his left turn, which he did, and that he hadn't seen plaintiff's vehicle until it was about 10 feet away, and it was then too late to stop.

Defendants' evidence tends to show: Defendant Quinn came under the overpass and stopped. Cars going south in the curb lane passed a truck standing in the inside lane at the stop light. Quinn waited a few seconds and the truck driver motioned him to make the left turn. He had a pretty good view of the curb lane for a distance north. Across the hood of the truck he could see 25 to 30 feet north. The nearest he could see behind the truck was 300 to 400 feet. He saw one car behind the truck 300 to 400 feet away. He proceeded to make his turn. When he saw plaintiff's car he was half way across the curb lane. He didn't know where it came from. Plaintiff was about 100 feet away. Quinn speeded up as much as he could but plaintiff struck the last two feet of the station wagon. Plaintiff did not apply brakes until he was alongside the truck.

Appropriate issues were submitted to and answered by the jury. The jury answered the issues in favor of plaintiff and awarded him damages.

From judgment upon the verdict defendants appealed and assigned errors.

*Bell, Bradley, Gebhardt, DeLaney & Millette for plaintiff.*
*John H. Small for defendants.*

PER CURIAM. Defendants make fifteen assignments of error, based on thirty-eight exceptions. We have carefully considered them all, and we find no error sufficiently prejudicial to warrant a new trial. Plaintiff's evidence was sufficient to make out a *prima facie* case of actionable negligence on the part of defendants. The case was submitted to the jury on instructions free of prejudicial error. It was a matter for the twelve. The jury's factual determinations are conclusive on appeal. We find no new proposition of law justifying extended discussion.

In the trial below we find

No error.